IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON


ROHAN ALEXANDER WALTERS,

      Movant,

v.                         Case No. 2:04-cv-00758
                              Case No. 2:97-cr-00157-02

UNITED STATES OF AMERICA,

      Respondent.


## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Movant's "Application for Relief from Judgment Pursuant to 18 U.S.C. §§ 3582(c)(2), 3742(a)(1) and (a)(2), along with Petitioner's Actual Innocent of Sentencing Enhancements Posture, as well as Habeas Corpus Violation," filed on July 12, 2004 (docket sheet document # 617). On June 29, 2005, Movant filed a "Motion to Supplement" (# 633), which has been granted by separate order. By Standing Order, this matter was referred to this Magistrate Judge to make proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

Rohan A. Walters (hereinafter referred to as "Defendant") is serving a sentence of 405 months, to be followed by a five year term of supervised release, imposed after a jury found him guilty of numerous charges relating to conspiracies to distribute marijuana and to launder money. (Judgment in a Criminal Case,

entered March 19, 1998, # 299.)  The presiding District Judge also imposed a special assessment of $800 and a fine of $15,000.  Id. Defendant's direct appeal was unsuccessful.  United States v. Walters, No. 98-4248, 191 F.3d 449, 1999 WL 713905 (4th Cir. Sept. 14, 1999).

Defendant filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (# 505), on September 18, 2000, which was denied by Judgment Order entered June 1, 2001 (# 544).  Defendant's application for a certificate of appealability was dismissed.  United States v. Walters, No. 01-7203, 21 Fed. Appx. 225 (4th Cir. Nov. 13, 2001), cert. denied, 537 U.S. 893 (2002).

In his first ground for relief, Defendant contends that his Motion should be granted because he was denied due process of law, and his sentence was imposed on facts not presented in the indictment, and not submitted to or considered by the jury, in violation of this Fifth and Sixth Amendment rights.  (Motion, at 1.)  He relies on Blakely v. Washington, 542 U.S. 296 (2004), to challenge the calculation of his relevant conduct and the finding that he fulfilled a managerial role in the unlawful enterprise. Id., at 3-5.  Seven Circuit Courts of Appeals have decided that Blakely does not apply retroactively on collateral attack.  See, McReynolds v. United States, 397 F.3d 479, 480-81 (7th Cir.), cert. denied, 125 S. Ct. 2559 (2005); Green v. United States, 397 F.3d

2

101, 103 (2d Cir. 2005); <u>Varela v. United States</u>, 400 F.3d 864, 868 (11th Cir. 2005); <u>Humphress v. United States</u>, 398 F.3d 855, 863 (6th Cir. 2005), <u>pet. for cert. filed, No. 05-5130</u>; <u>United States v. Price</u>, 400 F.3d 844, 848 (10th Cir. 2005), <u>pet. for cert. filed, No. 04-10694</u>; <u>Lloyd v. United States</u>, 407 F.3d 608, 615-16 (3d Cir. 2005); <u>Schardt v. Payne</u>, 414 F.3d 1025 (9th Cir. 2005).

Defendant's Motion to Supplement is similar to his first ground for relief, in that he relies on <u>United States v. Booker</u>, 543 U.S. ___ (2005). Defendant's conviction and sentence was final prior to the Supreme Court's decisions in <u>Blakely</u> and <u>Booker</u>, and those decisions do not apply to his case.

Defendant's second ground for relief argues that he should be re-sentenced due to error in applying the Sentencing Guidelines, as held by the Fourth Circuit in a co-defendant's case, <u>United States v. Rory Bartley</u>, 230 F.3d 667 (4th Cir. 2000). It is true that Bartley and Defendant were sentenced on the same two counts in the same indictment, and that the Fourth Circuit held in <u>Bartley</u> that the presiding District Judge should have grouped the two counts. Bartley's sentence was reversed and remanded. Defendant's direct appeal did not raise the issue, although the issue was raised briefly at the sentencing hearing. (Tr. Disp. Hrng., # 432, at 107.) Bartley's sentence was increased due to the failure to group, because the offense levels of the two groups were within two levels of each other (31 for the drug conspiracy and 29 for the

money laundering conspiracy).  Thus pursuant to USSG § 3D1.4(a),
Bartley's offense level was raised by two.  The same is not true
for Defendant.  His drug conspiracy offense level was 41; his money
laundering conspiracy offense level was 32; pursuant to § 3D1.4(c),
his offense level was unaffected by the failure to group.

Defendant's third ground for relief is his contention that his
sentence is unduly harsh for a first-time non-violent offender.
(Motion, at 6-7.)  He also argues that his performance while in
prison has been exemplary and is worthy of a downward departure.
Id., at 7-10.

Title 18, United States Code, Section 3582(c) provides as
follows:

> **(c) Modification of an imposed term of imprisonment.**
> The court may not modify a term of imprisonment once it
> has been imposed except that –
>
> **(1)** in any case –
> **(A)** the court, upon motion of the
> Director of the Bureau of Prisons, may reduce
> the term of imprisonment, after considering
> the factors set forth in section 3553(a) . . .
> and
> **(B)** the court may modify an imposed term
> of imprisonment to the extent otherwise
> expressly permitted by statute or by Rule 35
> of the Federal Rules of Criminal Procedure;
> and
> **(2)** in the case of a defendant who has been
> sentenced to a term of imprisonment based on a sentencing
> range that has subsequently been lowered by the
> Sentencing Commission pursuant to 28 U.S.C. 994(o), upon
> motion of the defendant or the Director of the Bureau of
> Prisons, or on its own motion, the court may reduce the
> term of imprisonment, after considering the factors set
> forth in section 3553(a) to the extent that they are
> applicable, if such a reduction is consistent with

4

applicable policy statements issued by the Sentencing Commission.

Defendant's reasons for a modification are not among the exceptions in § 3582(c). The Director of the Bureau of Prisons has not filed a motion to reduce his sentence. The United States has not filed a motion pursuant to Rule 35, Fed. R. Crim. Pro. The court is unaware of any statute which permits reduction of a sentence for rehabilitation, exemplary behavior, or excellent performance while in custody. Defendant's sentencing range has not been lowered by the Sentencing Commission since imposition of judgment.

For these reasons, the court proposes that the presiding District Judge **FIND** that Defendant's grounds for his Motion lack merit. It is respectfully **RECOMMENDED** that Judge Goodwin **DENY** Defendant's § 3582 motion.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections), from the date of filing this Proposed Findings and

Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Goodwin, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant, Rohan Alexander Walters, counsel of record, and Judge Goodwin.


  August 19, 2005
        Date

Mary E. Stanley
Mary E. Stanley
United States Magistrate Judge